UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| MATTHEW FITZGERALD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:17-cv-00529-WTL-MPB |
| | ) |
| ALAN FINNAN Individually and Officially, | ) |
| DASHAUN ZATECKY Individually and | ) |
| Officially, | ) |
| | ) |
| Defendants. | ) |

**Entry Granting *In Forma Pauperis* Status,
Screening and Dismissing Complaint,
and Allowing Plaintiff to Show Cause**

I. Motion for Leave to Proceed *In Forma Pauperis*

Plaintiff Matthew Fitzgerald's motion for leave to proceed *in forma pauperis*, Dkt. No. 3, is **granted**. The assessment of even an initial partial filing fee is not feasible at this time. Notwithstanding the foregoing ruling, plaintiff owes the filing fee. "All [28 U.S.C.] § 1915 has ever done is excuse *pre*-payment of the docket fees; a litigant remains liable for them, and for other costs, although poverty may make collection impossible." *Abdul-Wadood v. Nathan,* 91 F.3d 1023, 1025 (7th Cir. 1996). A collection order may be issued to collect the filing fee in installments.

II. Screening of the Complaint

A.   Legal Standard

Because Mr. Fitzgerald is a prisoner, his complaint is subject to the screening requirements of 28 U.S.C. § 1915A. This statute directs that the court shall dismiss a complaint or any claim within a complaint which "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."

1

*Id.* To satisfy the notice-pleading standard of Rule 8 of the Federal Rules of Civil Procedure, a complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief," which is sufficient to provide the defendant with "fair notice" of the claim and its basis. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) and quoting Fed. R. Civ. P. 8(a)(2)); *see also Wade v. Hopper*, 993 F.2d 1246, 1249 (7th Cir. 1993) (noting that the main purpose of Rule 8 is rooted in fair notice: a complaint "must be presented with intelligibility sufficient for a court or opposing party to understand whether a valid claim is alleged and if so what it is.") (quotation omitted)). The complaint "must actually suggest that the plaintiff has a right to relief, by providing allegations that raise a right to relief above the speculative level." *Windy City Metal Fabricators & Supply, Inc. v. CIT Tech. Fin. Servs.*, 536 F.3d 663, 668 (7th Cir. 2008) (quoting *Tamayo v. Blagojevich*, 526 F.3d 1074, 1084 (7th Cir. 2008)). The Court construes pro se pleadings liberally, and holds pro se pleadings to less stringent standards than formal pleadings drafted by lawyers. *Obriecht v. Raemisch*, 517 F.3d 489, 491 n.2 (7th Cir. 2008).

B. The Complaint

The Court accepts, for purposes of screening, all well-plead facts as true. The following facts are found in the complaint.

Almost ten years ago Mr. Fitzgerald was an inmate at the Pendleton Correctional Facility (also referred to as the Indiana State Reformatory) when on January 24, 2008, he was given a work assignment in sanitation. About two weeks later, on February 9, 2008, Mr. Fitzgerald was moved to a pre-segregation unit on instructions from the Internal Affairs department of the facility. On April 10, 2008, a disciplinary hearing board found Mr. Fitzgerald guilty of rioting, a violation of the Adult Disciplinary Code section A-103, and stripped him of his work assignment. He was

subsequently moved to a disciplinary segregation unit where he spent 361 days. Although his administrative appeals had been denied, Mr. Fitzgerald's sanctions were eventually dismissed on February 26, 2010, during the pendency of his federal habeas corpus petition.

Seven years later, sometime in 2017, Mr. Fitzgerald "became aware of his rights to freedom of wrongful confinement and right to reimbursement of lost wages" and started attempts to recover the wages lost when he was removed from his sanitation job. He wrote to the current Warden of the facility, defendant Dashaun Zatecky, seeking the lost wages, but Zatecky never responded. Mr. Fitzgerald then commenced this action pursuant to 42 U.S.C. § 1983, asserting numerous claims against Zatecky as well as Alan Finnan, the Superintendent of the Pendleton Correctional Facility at the time Mr. Fitzgerald lost his sanitation job.

Mr. Fitzgerald lists ten claims for relief, all occurring in 2008 or 2009, with one exception to be discussed below. Most of the "claims" are actually assertions of fact. A prayer for punitive damages is asserted that adds allegations of severe emotional distress, hopelessness, depression, anxiety, and anger. Mr. Fitzgerald seeks $36,100 in punitive damages for being wrongfully confined for 361 days, and compensatory damages of $1,200 for lost wages.

C. Discussion

Mr. Fitzgerald's complaint is construed as brought pursuant to 42 U.S.C. § 1983. To state a claim under Section 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Suits under Section 1983 use the statute of limitations and tolling rules that states employ for personal-injury claims. In Indiana, the applicable statute of limitations period is two years. *See Richards v. Mitcheff*, 696 F.3d 635, 637 (7th Cir. 2012); Ind. Code § 34–11–2–4.

Without deciding whether any of the claims asserted by Mr. Fitzgerald are viable federal civil rights claims – except one discussed below – everything he pleads occurred in 2008 or 2009. That is outside the limitations period for civil rights claims.

"It is, of course, 'irregular' to dismiss a claim as untimely under Rule 12(b)(6). . . . However, . . . dismissal under Rule 12(b)(6) on the basis of a limitations defense may be appropriate when the plaintiff effectively pleads [himself] out of court by alleging facts that are sufficient to establish the defense." *Hollander v. Brown*, 457 F.3d 688, 691 n.1 (7th Cir. 2006) (internal citations omitted); *see also Koch v. Gregory*, 536 Fed. Appx. 659 (7th Cir. 2013) (stating that when the language of the complaint plainly shows that the statute of limitations bars the suit, dismissal under § 1915A is appropriate); *Brownmark Films, LLC v. Comedy Partners*, 682 F.3d 687, 690 (7th Cir. 2012).

Every claim asserted by Mr. Fitzgerland, except one, is plainly barred by the Indiana statute of limitations and is accordingly **dismissed**.

The sole claim not barred by a limitations period is the tenth claim which asserts that defendant Zatecky failed to respond to Mr. Fitzgerald's recent inquiries seeking back pay. Defendant Zatecky is under no federal constitutional obligation to respond to any inquiry or correspondence. Section 1983 is not itself a source of substantive rights; instead it is a means for vindicating federal rights elsewhere conferred. *Ledford v. Sullivan*, 105 F.3d 354, 356 (7th Cir. 1997) (*citing Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). If there is a state law or prison regulation requiring defendant Zatecky to respond to inmate correspondence, the failure to follow that requirement is not a federal constitutional violation. *See Keller v. Donahue*, 271 Fed. Appx. 531, 532 (7th Cir. 2008) (finding that inmate's claim that prison failed to follow internal policies had "no bearing on his right to due process").

Mr. Fitzgerald's tenth claim is **dismissed** for failure to state a claim upon which relief can be granted.

III. Summary and Opportunity to Show Cause

The Court has screened the complaint and finds no viable claim. The complaint is **dismissed**. If plaintiff believes this ruling is in error, or the Court has overlooked claims and/or defendants, he shall have through **December 29, 2017**, in which to either file an amended complaint setting forth viable claims and suable defendants. Alternatively, plaintiff may show cause why the statute of limitations does not bar his claims. The failure to file a viable amended complaint or otherwise show cause why the statute of limitations does not bar this action by December 29, 2017, will result in the dismissal of this action pursuant to 28 U.S.C. § 1915A and entry of final judgment without further notice.

IV. Obligation to Update Address

The Court must be able to communicate with pro se parties through the United States mail. Plaintiff shall report any change of address to the Court, in writing, within ten days of any change. The failure to keep the Court informed of a current mailing address may result in the dismissal of this action for failure to comply with Court orders and failure to prosecute.

**IT IS SO ORDERED**.

Date: 11/30/17

*William T Lawrence*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

Matthew Fitzgerald
136066
Wabash Valley Correctional Facility
Electronic Service Participant – Court Only